## GEO. W. LIPSCOMB, ET AL., *v.* CENTRAL BUILDING ASSOCIATION OF COVINGTON.

### Cost Bond.

Where a corporation is not a voluntary plaintiff but is forced into court by the original plaintiff and compelled to set up and assert its claim, its cross-action should not be dismissed on the ground that it had failed to execute bond for costs.

### Building and Loan Associations—Usurious Interest.

Money forced from a shareholder in a building and loan association for preference in borrowing money may under some conditions be regarded as interest, and where, when added to other interest charges, it exceeds the legal rate, is usurious and cannot be collected.

### Description of Real Estate in Judicial Decree.

A judgment ordering the sale of real estate is erroneous which fails to describe the real estate.

#### APPEAL FROM KENTON CHANCERY COURT.

April 13, 1877.

OPINION BY JUDGE LINDSAY:

The appellee was not a voluntary plaintiff in this action. It was forced into court by the original plaintiff and compelled to set up and assert its claim against its co-defendant. Under the circumstances the court did not err in refusing to dismiss its cross-action on the ground that it had failed to execute bond for costs.

The by-laws and the contract by which the liability of the appellants are to be tested are ingeniously contrived, but the judgment rendered in this case demonstrates the fact that they attempted to secure the collection of usurious interest on money advanced to the debtor. It is immaterial that he is called a shareholder instead of a debtor, and that he buys instead of borrows the money received from the corporation. One thing is certain, the shareholders who decline to purchase their shares in advance, and who patiently wait until four hundred dollars per share can be distributed to them, will pocket all the premiums paid by them who make these so-called purchases. We have here a case of a shareholder who received from the corporation

$1,044. He has paid in weekly installments and interest $138. He had the use of the money under the terms of his contract from the 20th of October, 1873, until the 11th day of June, 1874.

At ten per centum interest on the money advanced he would have been chargeable as follows:

Money advanced ..................................$1,044.00
Interest from October 23, 1873, to June 11, 1874, eight
   months .........................................  69.60
 
     Total interest and principal.....................$1,113.60
Deduct amount paid without interest on same............  138.00
 
Sum due according to general laws....................  $975.60

It is argued that if appellant had kept and performed his contract up to the dissolution of the corporation he would not have been subjected to the loss. We tested this assumption in the case of *Herbert v. Kenton Building and Savings Association of Covington,* 11 Bush 296. It is utterly fallacious. It can only be sustained by charging the borrowman or purchaser with interest on the whole sum advanced, and allowing him no interest on the weekly installments paid in.

The judgment is also erroneous in failing to describe the realty ordered to be sold. It is true this property is described in the petition, but it appears from the petition and from the mortgage that the mortgagor had the right to select four acres out of the tract as a reservation. It does not appear that this selection has been made. The chancellor should require this matter to be rendered certain before decreeing the sale, and if the mortgagor fails to make the selection he should cause the four acres to be set apart to him. The purchaser is not made a party appellee, and we cannot, therefore, review the judgment confirming the sale.

The judgment appealed from is *reversed* and the cause remanded for a judgment for the sum of money actually advanced with six per centum interest, subject to such credits as appellants have established, and for further proceedings consistent with this opinion.

*R. D. Handy, for appellants.   Simmons & Schmidt, for appellee.*